A paper, purporting to be the will of Drury Teel, deceased, was offered for probate by Benjamin, the executor, and its validity contested by the widow of the party deceased. The County Court ordered an issue devisavit vel non to be made up, and also a notice to issue to James L. Teel and Mary Teel, the heirs and next of kin of the deceased, to come in and see proceedings. Those persons were infants, and a guardian ad litem
was appointed for them. The issue was afterwards tried and found against the will, and the executor appealed. In the Superior Court a motion was made on the part of the executor to set aside the issue, upon the ground that the widow (50) was not a party in interest, and that it ought not to have been made up at her instance. That was opposed on the part of the infants, on whose behalf the guardian moved that they should be admitted to contest the will as parties to the issue. Thereupon, the court denied the motion of the executor and allowed the other; and the executor appealed.
Persons to whom notice to see proceedings is given are bound by them, and are, in the view of the court of probate, parties to the proceedings, as far as there can be said to be parties in such a controversy. It is true, they may not be actors in the cause, and therefore not liable to costs. But, unless they do something to preclude them, they may become active at any time before the sentence is pronounced; for, until that is done, any party in interest is entitled to be heard for or against the script. The usual manner of effecting that with us has not been by a new and distinct allegation for or against the will, but by becoming a party to the issue made up under the direction of the court, according to the statute. For, if such allegation were made, it would not entitle that person to an issue to be tried separately, as that might lead to opposite verdicts on the same matter; but the course is merely to state *Page 47 
on the record such matter as shows on which side the person becomes an actor, so as to show distinctly whether he may in the result be entitled to or liable for the costs. The proceeding being in rem, any person may intervene to protect his interest while the thing continues sub judice.
PER CURIAM. Orders affirmed with costs.
Cited: Cameron v. Brig "Marcellus," 48 N.C. 85.
(51)